CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887

Attorney for Plaintiff STEVEN BENJAMIN

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN BENJAMIN, on behalf of himself and all similarly situated persons,<br><br>        Plaintiffs,<br><br>vs.<br><br>GLOBAL CREDIT & COLLECTION CORPORATION, a foreign corporation, DOES I-V inclusive and ROE Corporations VI-X, inclusive,<br><br>        Defendants. | CASE NO.: 2:11-cv-01840<br><br>**CLASS ACTION COMPLAINT**<br><br>**EIGHT PERSON JURY DEMANDED** |

Plaintiff, STEVEN BENJAMIN (hereinafter referred to as "Plaintiff" or "Benjamin"), by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this complaint against the above-named Defendant and in support thereof, alleges the following:

## PRELIMINARY STATEMENT

1.     This is a claim for actual, statutory and exemplary damages brought by the named Plaintiff, on his own behalf and on behalf of all others similarly situated, against Defendant GLOBAL CREDIT & COLLECTION CORPORATION (hereinafter "GCCC" or "Defendant") of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and Nevada Revised Statutes (hereinafter "NRS"), Chapters 649 *et seq.* and 598 *et seq.*, as amended, all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this district is proper because Plaintiff(s) reside in Nevada. Venue is also proper in this district since the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**PARTIES**

4. Benjamin is a natural person who resides in Nevada.

5. Benjamin is a "consumer" as defined in the Act at 15 U.S.C.§1692a(3).

6. Benjamin allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

7. GCCC is a foreign corporation, the principal purpose of whose business is the collection of debts.

8. GCCC operates a debt collection agency from its principal place of business in Williamsville, NY.

9. GCCC regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, inclusive, sued herein, and therefore sues Defendants by such fictitious names.

11. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

12. Plaintiff prays leave to insert said Defendants' true names and legal

- 2 -

capacities when ascertained.

13. At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

14. Benjamin is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

15. All conduct of GCCC and/or Doe and/or Roe Corporation Defendants as alleged herein was on each other's behalf, within the course and scope of agency each for the other; each was an alter ego for the other and/or was in a partnership or joint venture with the other, and all conduct of each was within the course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

**STATEMENT OF FACTS**

16. Benjamin repeats, realleges and incorporates by reference paragraphs one through fifteen, inclusive, above.

17. Starting on or about November 16, 2010, GCCC, mailed a collection letter

- 3 -

addressed to Benjamin.

18. Upon receipt of Defendant's letter, Plaintiff opened and read it.

19. The letter demanded payment of a consumer debt allegedly owed by Plaintiff in the amount of $6,977.35. The letter only provided the single figure for the amount allegedly owed; it did not itemize what items made up the single figure of the amount allegedly owed.

20. Benjamin is informed and believes, and on that basis alleges, that the amount set forth in the letter is more than the principal amount allegedly owed to the original creditor, and includes unspecified sums added by GCCC (or other non-creditor entities) for interest, charges, fees and/or expenses which are incidental to the principal amount allegedly owed to the original creditor ("incidental charges").

21. Benjamin is informed and believes, and on that basis alleges, that the letter he received on or after November 16, 2010 is the initial debt collection letter from Defendant.

22. NRS 649.375(2) prohibits a debt collector from collecting or attempting to collect any amount other than the principal amount owed to the original creditor (or which the original creditor was authorized to add to the principal amount by law or contract between it and the consumer), unless, in the debt collector's first written communication with the alleged debtor, it itemizes the incidental charges that have been added to the principal amount allegedly owed to the original creditor.

**FIRST CAUSE OF ACTION**

**Violation of State Deceptive Trade Practices Act**

23. Plaintiff repeats, realleges and incorporates by reference, paragraphs one through twenty-two, inclusive, above.

24. This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with Nevada addresses who:

(a) within four years prior to the filing of this action;

(b) were sent a collection letter by GCCC;

- 4 -

   (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and

   (d) the letter was not returned by the postal service as undelivered.

25. Under both Federal Rule of Civil Procedure (FRCP) 23 and Nevada Rules of Civil Procedure (NRCP) 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

   (b) There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendant, violated various provisions of NRS Chapters 649 *et seq*. and 598 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect a consumer debt.

   (c) The only individual issue is the identification of the Nevada consumers who received the letter (i.e. the class members), a matter capable of ministerial determination from Defendants' records.

   (d) Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

   (e) Plaintiff will fairly and adequately represent the class members' interests and he has retained counsel experienced in bringing class actions and collection abuse claims.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or

- 5 -

varying standards for the parties and would not be in the interests of judicial economy.

27. If the facts are discovered to be appropriate, Plaintiff will seek to certify this class under NRCP and/or FRCP 23(b)(3).

28. NRS 598 (deceptive trade practices) and 649 (collection agency practices), in tandem, allows a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive" (i.e., the FDCPA).[1]

---

[1]N.R.S. 41.600 allows for an action by victims of fraud. It states in pertinent part:
 1. An action may be brought by any person who is a victim of consumer fraud.
 2. As used in this section, "consumer fraud" means:
 * * *
 (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
NRS 598.0923(3)&(4) defines deceptive trade practices as conducting a business in which it (3)"[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services" or (4) by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction." Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state."
 NRS 649.375(5) pertains to prohibited acts of collection agencies. It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."
 The regulations can be found in NAC 649.150, which states that:
 The commissioner of financial institutions will consider *a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent* and grounds for the suspension or revocation of the license of the collection agency or collection agent. [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29-
(continued...)

- 6 -

29. In addition, Defendant's acts and omissions violated NRS 649.370 (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5) (Prohibited practices), and NRS 649.375(2).

30. Defendant acted in bad faith and unfairly with the intent to deprive Plaintiff(s) of their rights or property. Furthermore, Defendant knew of the probable harmful consequences of its wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

31. Defendant's violations of Nevada statutes render it liable to Plaintiff and the members of the class, for actual damages, exemplary damages, fees and costs.

## COUNT TWO

### Violations of Federal Fair Debt Collection Practices Act

32. Plaintiff repeats, realleges and incorporates by reference, paragraphs one through thirty-one, inclusive, above.

33. This Count is brought by Plaintiff, individually and on behalf of a class, consisting of consumers with Nevada addresses who:

    (a) within one year prior to the filing of this action;

    (b) were sent a collection letter by GCCC;

    (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and

    (d) the letter was not returned by the postal service as undelivered.

34. Under FRCP 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that the collection letter at the heart of this

---

[1](...continued)
84; A by Comm'r of Financial Institutions, 5-19-88)
(Emphasis added.)
Thus, a judgment finding Defendants violated NRS 649.375, would also establish that it engaged in a deceptive trade practice, which is the basis of this claim for relief.

litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impractical.

      (b)    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal question presented by this case is whether the letter sent by Defendant, violated various provisions of NRS Chapters 598 *et seq.* and 649 *et seq.*, and by doing so, thus violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 1692f and 1692g and their subsections.

      (c)    The only individual issue is the identification of the Nevada consumers who received the letter (i.e. the class members), a matter capable of ministerial determination from Defendants' records.

      (d)    Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

      (e)    Plaintiff will fairly and adequately represent the class members' interests and he has retained counsel experienced in bringing class actions and collection abuse claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

36. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. Under the FDCPA, a debt collector cannot collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such

1  amount is expressly authorized by the agreement creating the debt or permitted by law.
2  *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002 (9th Cir. 2008).  The FDCPA also prohibits
3  collection practices that violate state or federal laws.  *Picht v. Jon R. Hawks, Ltd.*, 236
4  F.3d 446 (8th Cir. 2001); *Gaetano v. Payco*, 774 F. Supp. 1404 (D. Conn. 1990).

5  38.  Defendant's collection letter violated numerous provisions of the FDCPA
6  by attempting to collect or collecting incidental charges without first breaking out these
7  incidental charges in violation of NRS 649.375(2), and thus, in violation of 15 U.S.C. §§
8  1692e(2), 1692e(5),  1692f(1) and 1692g(a)(1).

9  39.  Defendant's violations of 15 U.S.C. §§ 1692e, f and g render it liable to
10 Plaintiff and the members of the class.

11 40.  Defendant used false representations and deceptive means to collect a debt
12 allegedly due to another, including, but not limited to, misrepresenting the character,
13 amount or legal status of the alleged debt and threatening to take any action that cannot
14 legally be taken, in violation of 15 U.S.C. § 1692e *et seq.*, rendering it liable to Plaintiff
15 and the members of the class.

16 41.  Defendant also used unfair or unconscionable means to collect a debt
17 allegedly due to another, including, but not limited to, attempting to collect any amount
18 not authorized by the agreement creating the debt or permitted by law, in violation of 15
19 U.S.C. § 1692f *st seq.*, rendering it liable to Plaintiff and the members of the class.

20 42.  Also, Defendant's violations of § 1692g *et seq.* render it liable to Plaintiff
21 and the members of the class.

22 43.  As a result of Defendant's abusive, deceptive and unfair debt collection
23 practices, Defendant is liable to Plaintiff and the members of the class for actual
24 damages, statutory damages, costs and attorney fees.

25 **DEMAND FOR JURY TRIAL**

26 44.  Please take notice that Plaintiff demands trial by jury in this action.
27 ///
28 ///

- 9 -

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays, that this Court grant the following relief in his favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

(1) For statutory damages;

(2) For actual damages;

(3) For exemplary damages;

(4) A declaration that Defendant's form letter violates the FDCPA;

(5) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 15th day of November 2011.

Respectfully submitted by:

/s/ *Craig B. Friedberg, Esq.*
4760 South Pecos Road, Suite 103
Las Vegas, NV 89121
Attorney for Plaintiff