VERNON A. NELSON JR. ESQ.
Nevada Bar No. 06474
FRANK A. TODDRE II, ESQ.
Nevada Bar No. 11474
COOPER LEVENSON APRIL
   NIEDELMAN & WAGENHEIM P.A.
6060 Elton Ave. Suite A
Las Vegas, NV 89107
Tel: 702-366-1125
Fax: 702-366-1857
Email: vnelson@cooperlevenson.com
       ftoddre@cooperlevenson.com
*Attorneys for Plaintiff*
*Rio Properties, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN BENJAMIN, on behalf of himself
and all similarly situated persons

Plaintiff,

v.

GLOBAL CREDIT & COLLECTION
CORPORATION, a foreign corporation,
DOES I-V inclusive and ROE Corporations
VI-X, inclusive,

Defendants.

CASE NO. 2:11-cv-01840

**DEFENDANT GLOBAL CREDIT &
COLLECTION CORPORATION'S ANSWER
TO COMPLAINT**

COMES NOW Defendant GLOBAL CREDIT & COLLECTION CORPORATION ("Defendant"), and files its Answer to the Complaint of Plaintiff, STEVEN BENJAMIN ("Plaintiff"), by admitting, denying and alleging as follows:

1.  Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff asserts that he brings this action for actual, statutory, and exemplary damages on behalf of himself and

14097845.1

- 1 -

on behalf of all others similarly situated under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, et seq., and Nevada Revised Statutes (hereinafter "NRS"), Chapters 649 *et seq.* and 598 *et seq.* Defendant denies the remainder of the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, Defendant admits that jurisdiction would be proper under 15 U.S.C. § 1692k and § 1331(d) and supplemental jurisdiction would be proper under 28 U.S.C. §1367 if Plaintiff had a claim, but deny that Plaintiff has any such claim.

3. Answering Paragraph 3 of the Complaint, Defendant admits that venue would be proper if Plaintiff had a claim, but deny Plaintiff has any such claim.

4. Answering Paragraph 4 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

5. Answering Paragraph 5 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

6. Answering Paragraph 6 of the Complaint, Defendant admits that it alleged that Plaintiff owed a debt. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

7. Answering Paragraph 7 of the Complaint, Defendant admits each and every allegation.

8. Answering Paragraph 8 of the Complaint, Defendant admits each and every allegation.

9. Answering Paragraph 9 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations. Defendant defers all questions of law to the Court.

10. Answering Paragraph 10 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

11. Answering Paragraph 11 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

12. Answering Paragraph 12 of the Complaint, Defendant asserts that this Paragraph makes no allegations with respect to Defendant.

13. Answering Paragraph 13 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation with respect to Defendant. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

15. Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation with respect to Defendant. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

16. Answering Paragraph 16 of the Complaint, Defendant incorporates Paragraphs 1-15 of its Answer.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it sent a letter to Plaintiff. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

18. Answering Paragraph 18 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

19. Answering Paragraph 19 of the Complaint, Defendant admits that it sent a letter to Plaintiff seeking payment for the amount of $6,977.35. Defendant has insufficient information to either admit or deny the remainder of the allegations contained therein and on that basis denies those allegations.

20. Answering Paragraph 20 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

21. Answering Paragraph 21 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

22. Answering Paragraph 22 of the Complaint, Defendant asserts that this Paragraph makes no allegations with respect to Defendant. Defendant defers all questions of law to the Court.

23. Answering Paragraph 23 of the Complaint, Defendant incorporates its Paragraphs 1-22 of its Answer.

24. Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff asserts that he brings this Count individually and on behalf of a class, consisting of consumers with Nevada addresses who: (a) within four years prior to the filing of this action; (b) were sent a collection letter by GCCC; (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and (d) the letter was not returned by the postal service as undelivered.

25. Answering Paragraph 25 of the Complaint, Defendant has insufficient information as to whether Plaintiff will fairly and adequately represent the class members' interests and that his retained counsel is experienced in bringing class actions and collection abuse claims, and therefore denies said allegations. Defendant denies the remainder of the allegations in said paragraph, as well as subparagraphs (a)-(d).

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

28. Answering Paragraph 28 of the Complaint, Defendant asserts that this Paragraph makes no allegations with respect to Defendant. Defendant defers all questions of law to the Court.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendant incorporates its Paragraphs 1-31 of its Answer.

33. Answering Paragraph 33 of the Complaint, Defendant admits that Plaintiff asserts that he brings this Count individually and on behalf of a class, consisting of consumers with Nevada addresses who: (a) within one year prior to the filing of this action; (b) were sent a collection letter by GCCC; (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, wherein the amount claimed to be owed was not itemized; and (d) the letter was not returned by the postal service as undelivered.

34. Answering Paragraph 34 of the Complaint, Defendant has insufficient information as to whether Plaintiff will fairly and adequately represent the class members' interests and that his retained counsel is experienced in bringing class actions and collection abuse claims, and therefore denies said allegations. Defendant denies the remainder of the allegations in said paragraph, as well as subparagraphs (a)-(d).

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein and on that basis denies those allegations.

37. Answering Paragraph 37 of the Complaint, Defendant asserts that this Paragraph makes no allegations with respect to Defendant. Defendant defers all questions of law to the Court.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40. Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41. Answering Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42. Answering Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43. Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44. Answering Paragraph 44 of the Complaint, Defendant admits that Plaintiff demands trial by jury.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

3. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

4. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Consent)

6.  The Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction or consent which amount to and constitute a waiver of such claims and any relief sought thereby.

## SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Privileged and Justified)

7.  As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any, including but not limited to statutes 15 U.S.C. § 1692k(c).

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.  Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations

## NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

9.  As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

///

///

///

### TENTH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

10. As a separate, affirmative defense, Defendant allege that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Material Misrepresentation)

11. As a separate, affirmative defense, Defendant alleges that any alleged misrepresentation was not "material" as to incur liability under the FDCPA.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

12. As a separate, affirmative defense, Defendant alleges that there is no private right of action for a violation under Chapter 649 of the Nevada Revised Statutes, including NRS 649.370, NRS 649.375(1), (2) and (5).

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

13. As a separate, affirmative defense, Defendant alleges that Plaintiff has suffered no damages as a result of Defendant's alleged conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

14. Plaintiff's claims and those of his putative class are or may be subject to an arbitration agreement requiring them to submit their claims to mandatory and binding arbitration. If so, Defendant will exercise his right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, et. seq.

///

///

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Declaratory/Injunctive Relief Under FDCPA)

15. As a separate, affirmative defense, Defendant alleges that the FDCPA does not provide for injunctive or declaratory relief.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No FDCPA Claim Based on State Law)

16. As a separate, affirmative defense, Defendant alleges that a FDCPA violation was not designed to convert every violation of a state debt collection law into a violation of the FDCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

17. As a separate, affirmative defense, Defendant alleges that Plaintiff's state law claims are preempted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Dismissal of Class Allegations)

18. As a further, separate, and alternative defense, Defendant asserts that Plaintiff has not and cannot establish that this action should be certified as a class action, as Plaintiff cannot establish the requirements of FRCP 23, including, numerosity of plaintiffs, common questions of law or fact, and/or typicality of claims, adequacy of representation, and moves to dismiss all allegations pertaining to this action as a "Class Action" on those grounds.

### NINTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

19. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. For judgment in favor of Defendant, and against Plaintiff;
3. For costs of suit and reasonable attorneys' fees incurred; and
4. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Whereby Defendant demands a trial by jury.

DATED: January 20, 2012

                Cooper Levenson April Niedelman &
                Wagenheim, P.A.

                */s/ Vernon A. Nelson, Esq.*
                Vernon A. Nelson Jr. Esq.
                Nevada Bar No. 06474
                Frank A. Toddre II, Esq.
                Nevada Bar No. 11474
                Cooper Levenson April Niedelman &
                Wagenheim, P.A.
                6060 Elton Avenue, Suite A
                Las Vegas, Nevada 89107-0126
                702.366.1125
                ftoddre@cooperlevenson.com
                *Attorneys for Plaintiff*
                *Rio Properties, Inc.*

## CERTIFICATE OF SERVICE

I, the undersigned, declare under the penalty of perjury, that I am over the age of eighteen (18) years, and am not party to, nor interested in this action. On the 20th day of January, 2012, I caused to be served a true and correct copy of the foregoing **DEFENDANT GLOBAL CREDIT & COLLECTION CORPORATION'S ANSWER TO COMPLAINT** by way of the Court's CM/ECF Program.

By: /s/ Susan Awe
Susan Awe, an employee of
Cooper Levenson April
Niedelman & Wagenheim P.C.